**PENNSYLVANIA NATIONAL BANK & TRUST COMPANY; George W. Huss, Jr. and William P. Huss, Executors of Estate of George W. Huss, Deceased**

v.

**AMERICAN HOME ASSURANCE COMPANY.**

Civ. A. No. 79–4188.

United States District Court, E. D. Pennsylvania.

July 25, 1980.

Joseph A. Zane, Schuylkill Haven, Pa., Louis G. Feldmann, Hazleton, Pa., for plaintiffs.

Theodore R. Laputka, Jr., Hazleton, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Sugar Dust, a standardbred racehorse on which plaintiff's decedent purchased a one-year mortality insurance policy from defendant, became ill several months later. When Sugar Dust failed to respond to fluid and electrolyte therapy plaintiff contacted a veterinary surgeon who performed exploratory surgery and found a perforated colon and fecal peritonitis throughout the abdominal cavity. With plaintiff's permission she "humanely destroyed" the animal. Defendant denied plaintiff's $130,000 claim under the insurance policy contending that the horse died from a ruptured colon, a contingency not included in the "limited perils" provisions of the policy which plaintiff had purchased.

Two months later defendant instituted suit in New York to reform the insurance contract. Asserting generally that the policy issued to plaintiff did not conform to the policy of insurance which had been agreed upon by the parties, defendant alleged specifically that the coverage was limited to death caused by fire, lightning and transportation and that through oversight or error defendant had mistakenly issued plaintiff the wrong contract. Plaintiff filed a motion to dismiss the New York action shortly before instituting the present suit for breach of contract in the Court of Common Pleas of Schuylkill County, Pennsylvania, in October 1979. In mid-November, twenty-seven days after service of the complaint, plaintiff took a default judgment after defendant failed to plead within the required twenty days. *See* Pa.R.Civ.P. 1026. Four days later defendant removed the Pennsylvania action to this Court. Defendant now moves to open and/or strike the default judgment.

Claiming that courts generally disfavor default judgments, particularly "snap" judgments, defendant asserts that the judgment should be set aside for three reasons: Defendant has a valid and meritorious defense; plaintiff's counsel exhibited bad faith in taking the default without notice; and a related action pending in New York informally stayed the Pennsylvania proceeding. Plaintiff counters that Pa.R. Civ.P. 237.1, which requires ten days' notice prior to taking a default, was not in effect at the time the default was entered. Plaintiff further argues that defendant instituted suit in New York contrary to the understanding between the parties and that the New York action had no effect on the Pennsylvania state action. Finally, plaintiff emphasizes that defendant has failed to offer a valid excuse for failing to file a timely response to the complaint, that defendant never requested an extension of time within which to respond and that defendant's unexplained six-month delay between entry of the default and the petition

to open was "undue". Therefore, plaintiff contends, the default judgment should not be disturbed.

■ Preliminary, a question arises concerning the appropriate method by which to attack a default judgment removed from state to federal court. Notwithstanding the fact that defendant had already removed this case to federal court, defendant filed in state court a petition to open and strike the default judgment on December 31, 1979, six weeks after entry of the default. That motion is not currently before the Court. Once removal has been accomplished a state court may not proceed "unless and until the case is remanded". 28 U.S.C. § 1446(e). *Cf. Georgia v. Rachel,* 384 U.S. 780, 799 n. 27, 86 S.Ct. 1783, 1793 n. 27, 16 L.Ed.2d 925 (1966) ("state court proceedings cease unless the case is remanded"). Accordingly, a motion to set aside a default judgment filed in state court after successful removal of the case is not a part of this record and hence not properly before the Court. The proper procedure respecting the opening *vel non* of a removed default judgment is to file a motion to set aside or open the default judgment *in federal court,* Fed.R.Civ.P. 60(b),[1] which treats the default judgment removed from state court "as though it had been validly rendered in the federal proceeding". *Butner v. Neustadter,* 324 F.2d 783, 786 (9th Cir. 1963). *Accord, Campbell v. Meadow Gold Products Co.,* 52 F.R.D. 165, 168 (E.D.Pa.1971). The federal court tests the removed default judgment by the same legal standard used for ones entered in the federal forum. *Butner v. Neustadter,* 324 F.2d at 786.

■ To open a default judgment, the federal court must find that defendant has a meritorious defense, that the default results from excusable neglect on defendant's part and that opening the default will not unfairly prejudice plaintiff. *Medunic v. Lederer,* 533 F.2d 891, 893 (3d Cir. 1976). The decision requires exercise of the court's

---

1. Fed.R.Civ.P. 60(b) provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . ."

sound discretion, *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951), tempered by the requirement that doubts be resolved in favor of removing defaults. *Medunic v. Lederer*, 533 F.2d at 894. *See generally General Tire & Rubber Co. v. Olympic Gardens, Inc.*, 85 F.R.D. 66 (E.D. Pa.1979). To convince the court that defendant has a valid defense, it must produce credible factual allegations rather than a perfunctory statement that a meritorious defense exists. *Consolidated Rail Corp. v. Equator Electric Co.*, No. 79–3596 (E.D.Pa. May 22, 1980), *Residential Reroofing Union Local 30–B v. Mezicco*, 55 F.R.D. 516, 518 (E.D.Pa.1972), *Wagg v. Hall*, 42 F.R.D. 589, 591 (E.D.Pa.1967). True, the law disfavors default judgments, but this policy does not vitiate the requirement of a meritorious defense which burden rests upon the moving party. *Wokan v. Alladin International, Inc.*, 485 F.2d 1232, 1234 (3d Cir. 1973). Where that burden cannot be met, defendant's motion to open the default judgment must be denied. *Design & Development, Inc. v. Vibromatic Manufacturing, Inc.*, 58 F.R.D. 71, 73 (E.D.Pa.1973).

■ In the case at bar defendant proposes as meritorious the defense that the

> policy of insurance issued by the defendant to [plaintiff] did not conform to that policy of insurance agreed to by and between defendant and [plaintiff] in that a policy of insurance did not have attached thereto [language] endorsing and/or limiting the coverage to those perils agreed to.

Defendant's Proposed Answer, ¶ 29. In other words, defendant wants the Court to "reform" the insurance policy "so as to limit [its] coverage . . . to reflect the agreement of the parties". Defendant's Proposed Answer, ¶ 35B. To support this assertion, defendant must necessarily produce credible evidence regarding both the insurance policy upon which the parties "actually" agreed and the alleged variance therefrom. Importantly, state, not federal, law controls the admissibility of this type of parol evidence. Fed.R.Evid. 601 provides in pertinent part that

> [i]n civil actions and proceedings, with respect to an element of a claim of defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.[2]

*Cf. Pollard v. Metropolitan Life Insurance Co.*, 598 F.2d 1284, 1286 (3d Cir. 1979), cert. denied, 444 U.S. 917, 100 S.Ct. 232, 62 L.Ed.2d 171 (1980) ("Congress [intended] to defer to state law in diversity cases on such matters as . . . competency"). Pennsylvania law specifically prohibits this type of parol evidence, *see* 12A Pa.Cons.Stat. Ann. § 2 202 (Purdon),[3] and further provides that

> [i]n any civil action . . . where a party to a . . . contract action is dead . . . and his right thereto or therein has passed . . . to a party on the record who represents his interests . . . neither any . . . remaining party to [the] contract . . . shall be a competent witness to any matter occurring before the death of said party . . .

42 Pa.Cons.Stat.Ann. § 5930 (Purdon). Recently interpreting this so-called "Dead

---

2. Speaking in support of this proviso, Judge Friendly of the Court of Appeals for the Second Circuit observed that he failed "to understand why a person should be able to avoid [New York's Dead Man's Statute] by suing the estate of a New York decedent on an oral contract in New York Federal Court . . . [T]his would revive the forum shopping . . . that *Erie* was aimed to end." *Hearings Before the Special Subcommittee on Criminal Justice, Committee on the Judiciary House of Reps.*, 93d Cong., 1st Sess. Proposed Rules of Evidence, Serial No. 2, p. 249 (1973).

3. This section states in relevant part that contractual terms "may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement . . . ." That Pennsylvania's parol evidence rule, one of "substantive contract law [rather than] an exclusionary rule of evidence" governs the introduction of such evidence is clear. *Fiorentino v. Travelers Insurance Co.*, 448 F.Supp. 1364, 1370 (E.D.Pa. 1978). *Accord, American Empire Insurance Co. v. Hanover National Bank of Wilkes-Barre*, 409 F.Supp. 459, 465 (M.D.Pa.1976), aff'd, 556 F.2d 564 (3d Cir. 1977).

Man's Statute", the Supreme Court of Pennsylvania held that a widow may not testify to the circumstances surrounding a post-nuptial agreement by virtue of this statutory provision. *Estate of Kester*, 486 Pa. 349, 355, 405 A.2d 1244 (1979). Since Pennsylvania law bars the introduction into evidence of those facts necessary to support the asserted defense, defendant has not adduced evidence sufficient to rise to the level of a "meritorious defense". Defendant's failure or inability to meet this burden and the obvious prejudice which would accrue to plaintiff, if required to continue prosecuting against a meritless defense, militates strongly against defendant's position.

■ In addition, defendant's failure to answer the complaint within the prescribed time cannot be treated as "excusable neglect". Defendant argues that the omission was "excusable" because plaintiff took the default judgment "[d]espite knowledge of said removal". Defendant's Brief at 2. Defendant implies that plaintiff's knowledge of defendant's preparation of a removal petition relieved defendant of the obligation to answer the complaint in state court. The facts, however, do not support such a questionable conclusion. Defendant mailed the removal petition to the Clerk of the District Court on November 14, 1979, with a copy to plaintiff's counsel. The next day plaintiff took a default judgment in Schuylkill County court. The default was time-stamped at 11:20 A.M. To assume that opposing counsel received a copy of the removal petition mailed on November 14 within sufficient time to allow him to take a default before noon the following day would be unwarranted. The Clerk of the District Court did not receive the removal petition until November 19, four days after the default was taken. To assume or conclude that a petition mailed to plaintiff's counsel arrived early on the following day, while another copy mailed on the same day to the district court took five full days to arrive, would be contrary to reality. Finally, why defendant waited six and one-half months before moving to set aside the default judgment also remains unexplained and unjustified. Defendant's naked allega-

tion of bad faith does not satisfy the "excusable neglect" standard.

Accordingly, defendant has failed to present a meritorious defense and to show excusable neglect sufficient to warrant setting aside the default judgment entered in state court. Therefore, we shall deny defendant's petition or motion to open and/or strike the judgment of default.