AMERICAN STATES INSURANCE
COMPANY, Plaintiff,

v.

Richard BENNETT t/d/b/a Bennett &
Bennett, and Bennett & Bennett, a
partnership, Defendants.

Civ. A. No. 84–48.

United States District Court,
W.D. Pennsylvania.

April 30, 1984.

Alan H. Perer, David M. Landay, Pittsburgh, Pa., for plaintiff.

William A. Pietragallo, Pittsburgh, Pa., for defendants.

### MEMORANDUM AND ORDER

MANSMANN, District Judge.

Before the Court is a Petition to Set Aside Default Judgment filed by Defendants. In light of relevant law, we hereby deny Defendants' Petition.

This Court's decision is governed by Rule 55(c) and Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 55(c) provides that, "(f)or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Rule 60(b) states in pertinent part that a court may relieve a party from a final judgment for certain reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect" or for "(6) any other reason justifying relief from the operation of the judgment."

In passing upon a default judgment, Rule 60(b) is given a liberal construction. Defaults are not favored and any doubts should be resolved in favor of setting aside the default judgment and obtaining a decision on the merits. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir.1982). *See also Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982). (Similar considerations apply with regard to an entry of default).

The United States Court of Appeals for the Third Circuit has held that the following three factors are relevant to the Court's exercise of discretion under Rule 55(c) and 60(b): (1) whether the plaintiff will be prejudiced, (2) whether the defendant has asserted a meritorious defense to the claim, and (3) whether culpable conduct on the part of the defendant led to the default. *Feliciano, supra* at 656; *Farnese, supra* at 764. *See also Livingston Powdered Metal, Inc. v. N.L.R.B.,* 669 F.2d 133, 136 (3d Cir.1982).

■ Less substantial grounds may be adequate for setting aside a default than are required for opening a default judgment. *Feliciano, supra* at 656. Thus, an entry of default may be set aside for reasons that would not be sufficient to set aside or open a default judgment. *Id.*

The threshold question in this case is whether Defendants have asserted a meritorious defense because without a meritorious defense, they could not prevail at trial even if the default judgment was set aside.

■ With respect to the question of a meritorious defense, the burden is on the moving party to allege facts which, if established, would constitute a complete defense to the action. *United States v. $55,-518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir.1984). A perfunctory statement that valid defenses exist is insufficient. *Pennsylvania Nat. Bank v. American Home,* 87 F.R.D. 152, 155 (E.D.Pa.1980).

Defendants' original Petition proffered only a conclusory statement that valid defenses exist. This statement alone was insufficient to meet Defendants' burden and provided adequate basis for this Court, in the exercise of its discretion, to deny Defendants' Petition. *See id.* Nevertheless, because defaults are not favored, we gave Defendants an additional opportunity to present the requisite "credible factual allegations." *See id.*

■ In response to this Court's Order of April 9, 1984, Defendants filed an Amendment to Petition to Set Aside Default Judgment, setting forth additional allegations.

In its Amendment, however, Defendants merely contend that Plaintiff may not suffer a loss as a result of Defendants' failure to file 13 lawsuits, on Plaintiff's behalf, within the period of the statute of limitations. Defendants concede that they did not institute the lawsuits within the statute of limitations. They argue, however, that it is possible that the parties who would defend in those actions may not raise the statute of limitations as a defense. In essence, Defendants are suggesting that counsel for those defendants may breach their duties with respect to their own clients by failing to raise the statute of limitations defense even though, as the Defendants before us effectively admit, such a defense exists.

Defendants' allegations, even if fully established, do not constitute a complete defense to Plaintiff's action. Because of Defendants' failure to meet their burden on this factor, this Court, in the exercise of its discretion, declines to open or set aside the default judgment. *See United States v. $55,518.05 in U.S. Currency, supra; Pennsylvania Nat. Bank v. American Home, supra.*

Furthermore, we have some serious questions as to whether the default resulted from excusable neglect. Defendants' original Petition contains unsworn statements to the effect that the default occurred as a result of a clerical error on the part of the Defendants' insurance carrier. Assuming *arguendo* that Defendants' allegations in this regard are true, Defendants nonetheless are lawyers who, presumably, could have filed a responsive pleading themselves or could have requested an extension of time to allow their counsel or their insurance carrier's counsel to do so. The fact that Defendants are lawyers does tend to belie a finding of excusable neglect. *See In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 418 n. 26 (E.D. Pa.1981).

For the reasons set forth above, we shall deny Defendants' Petition to Set Aside Default Judgment.

## ORDER

And now, this 30th day of April, 1984, the Petition to Set Aside Default Judgment filed by Defendants is hereby DENIED.