**The DISPLAY EQUATION, INC., Plaintiff,**

v.

**D.C. INDUSTRIES, INC., successor to Lasalle "10" International, Inc., Defendant.**

**Civ. A. No. 90–1296.**

United States District Court, W.D. Pennsylvania.

Oct. 29, 1990.

Charles E. Bobines, Pittsburgh, Pa., for plaintiff.

Amy S. Cunningham, Pittsburgh, Pa., William R. Thompson, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

Before the Court at Civil Action No. 1296, is Defendant's Motion to Set Aside Default. For the reasons which follow, Defendant's Motion shall be granted.

### BACKGROUND

On August 3, 1990, Display Equation Inc. filed a civil action seeking to recover from D.C. Industries, Inc., a principal sum of $85,700.00 plus interest in the amount of $9,804.87. Defendant was served with the Complaint on August 20, 1990. On September 20, 1990, 31 days after service, Plaintiff filed a Request for Entry of Default Judgment pursuant to Fed.R.Civ.P. 55(b)(1).

On September 24, 1990, Defendant filed a Motion to Set aside the Default and for a stay of Execution pending the disposition of its Motion. On September 26, 1990, the Court granted Defendant's Motion for a Stay of Execution based upon Plaintiff's oral representation to the Court that it would postpone execution on the default judgment pending disposition of Defendant's Motion to Set aside the Default Judgment. In the interim, Defendant filed its Answer and Affirmative Defenses.

On October 18, 1990, the Court heard Argument on Defendant's Motion at which

time Defendant asserted the following positions:

    1. Defendant's default was a consequence of mistake, inadvertence, and/or excusable neglect;

    2. Defendant has acted swiftly to seek relief from the entry of default;

    3. Defendant has good and meritorious defenses to plaintiff's action; and

    4. The granting of the relief requested would be completely without prejudice to the rights or position of Plaintiff in this litigation.

■ In *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3rd Cir.1982), the Court sets forth the standards to which the trial court must adhere when exercising discretion under Fed.R.Civ.P. 55(c). They are: (1) whether setting aside the default would prejudice the plaintiff, (2) whether defendant has asserted a meritorious defense, and (3) whether culpable conduct of Defendant has led to the default.

■ We commence our analysis by noting that the Court has often emphasized it does not favor defaults, and that in a close case doubt should be resolved in favor of setting aside the default and obtaining a judgment on the merits. *See Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir.1976).

In light of *Farnese*, we find no evidence, nor does Plaintiff point to any, that suggests that Plaintiff will be prejudiced by setting aside the default. At oral argument, counsel for Plaintiff asserted that further delay in the enforcement of its judgment will work a prejudice because of the existence of other lawsuits against Defendant. Without substantially more, we are not persuaded that such a claim serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment. Moreover, Defendant has not suggested that its ability to pursue the claim has been hindered since the entry of the default judgment. Indeed, Plaintiff unsuccessfully attempted to conduct discovery following the Court Ordered Stay. Two more common instances through which plaintiff might arguably raise the specter of prejudice, namely the loss of available evidence or the increased potential for fraud or collusion, have not been argued to the Court. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653 (3d Cir. 1982). In short, we conclude that the first factor weighs in Defendant's favor.

Next, we find Defendant has proffered a prima facie meritorious defense particularly in regard to its Seventh Affirmative Defense wherein it states that even if Defendant is determined to be liable in any respect to Plaintiff in connection with Plaintiff's claims, Plaintiff's claimed expenses are overstated and Defendant is entitled to an accurate and detailed accounting of Plaintiff's claimed expenses and an appropriate reduction in Plaintiff's claim. We are satisfied that this, along with Defendant's First Affirmative Defense which raises issues of authority, if proved, would be the basis of a meritorious defense. Accordingly, we are persuaded that Defendant has satisfied the second prong of the *Farnese* test.

The Final *Farnese* factor causes us to consider whether Defendant's culpability may have led to the default. Our review of the certifications supplied by defendant, supported by argument, leads us to conclude that culpable conduct is not involved here. There is nothing to indicate that Defendant acted willfully or in bad faith. *See Feliciano*, supra at 657. In this regard, we note that mistake or inadvertence may be sufficient reason to open a default judgment under Fed.R.Civ.P. 60(b). In our view, Defendant's behavior in this matter is best characterized as neglectful. *See Farnese*, supra at 764.

We therefore conclude that Defendant has made a showing of good cause for setting aside the entry of this default judgement. Fed.R.Civ.P. 55(c). Accordingly, Defendant's Motion is hereby GRANTED.