Gabriella C. SCOTT

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and Thomas Curran Brown

Civ. A. No. 97–6529.

United States District Court, E.D. Pennsylvania.

March 16, 1999.

Todd Schoenwetter, Cherry Hill, N.J., for plaintiff.

Benjamin Barnett, James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for defendant.

### ORDER AND MEMORANDUM

DuBOIS, District Judge.

### ORDER

**AND NOW,** to wit, this 16th day of March, 1999, upon consideration of plaintiff's Motion for Relief from Voluntary Dismissal under Federal Rule of Civil Procedure 60(b) (Document No. 16, filed January 13, 1999), and the related submissions of the parties, **IT IS ORDERED,** for the reasons set forth in the following Memorandum, that Plaintiff's Motion for Relief from Voluntary Dismissal under Federal Rule of Civil Procedure 60(b) is **GRANTED.**

**IT IS FURTHER ORDERED** that a Preliminary Pretrial Conference will be scheduled in due course.

### MEMORANDUM

**1. Facts and Procedural History:** The relevant facts are uncontested. On March 12, 1997, plaintiff filed a claim under the Federal Tort Claims Act, 28 U.S.C. § 2675(a) ("FTCA"), against the United States Environmental Protection Agency ("E.P.A."). The claim arises out of a collision on December 4, 1996 between an automobile owned by the E.P.A. and operated by its employee, Thomas Curran Brown, and a New Jersey Transit bus in which plaintiff was a passenger. On June 3, 1997, the E.P.A. denied plaintiff's claim.

On October 22, 1997, after having exhausted her administrative remedies and in accordance with the FTCA's statute of limitations,[1] plaintiff filed a complaint in this Court against the E.P.A., the driver of the E.P.A. vehicle, the New Jersey Transit Authority, and the operator of the New Jersey Transit Authority bus. On February 3, 1998, the Court dismissed the complaint against the New Jersey Transit Authority and its employee ("state defendants") for lack of subject matter jurisdiction.[2] On February 9, 1998, plaintiff voluntarily dismissed the complaint against the E.P.A. and its employee ("federal defendants"). On February 20, 1998, plaintiff filed a complaint in New Jersey Superior Court against the state and federal defendants and Keystone Insurance Company. On May 1, 1998, after concluding that it lacked jurisdiction to hear the FTCA claim, the New Jersey Superior Court dismissed the complaint against the federal defendants.

On October 7, 1998, plaintiff filed a Motion to Reopen her voluntarily dismissed action. On December 30, 1998, the Court denied the motion without prejudice to plaintiff's right to seek relief under Federal Rule of Civil Procedure 60(b).

On January 13, 1999, plaintiff filed the instant motion, arguing that her voluntary dismissal of the federal complaint was attributable to excusable neglect or mistake under Federal Rule of Civil Procedure 60(b)(1). Plaintiff's counsel submits that he chose to file the voluntary dismissal due to a "mistaken belief that for the purpose of judicial economy it would be more efficient for all of the parties ... to have the merits of this claim adjudicated in the same [forum]."[3] Motion for Relief from Notice of Voluntary Dismissal at 3.

Federal defendants responded on January 29, 1999, arguing that (1) granting the requested relief would violate the sovereign immunity of the United States, (2) Rule 60(b) is inapplicable to a voluntary dismissal, (3) plaintiff failed to file her motion within a reasonable period of time, and (4) plaintiff failed to make a showing of excusable neglect under Federal Rule of Civil Procedure 60(b)(1). The Court will address each of these arguments in turn.

■ **2. The FTCA and Sovereign Immunity:** Federal defendants correctly state that the FTCA is the exclusive remedy for damages arising from the negligence of a United States agency or its employees. 28 U.S.C. § 2679(b)(1) (1994). The FTCA provides in pertinent part:

> [All claims under the FTCA must be] presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Id.* § 2401(b).

It is uncontested that plaintiff filed her original claim in accordance within the statute of limitations set forth in Section 2401(b). Federal defendants assert, however, that plaintiff is attempting an end-run around Section 2401(b) by seeking to re-open her voluntarily dismissed action. Those Defendants argue that granting plaintiff's motion would impermissibly exceed the limited waiver of sovereign immunity provided under the FTCA. Because only Congress can increase the reach of the FTCA by extending the statute of limitations, they submit that the

1. Under 28 U.S.C. § 2401(b), plaintiff was required to file her complaint within six months of the final denial by the E.P.A. It is not contested that plaintiff's October 22, 1997 complaint was within this time frame.

2. The Court concluded that the state defendants were immune from suit in federal court under the Eleventh Amendment. *Scott v. United States Environmental Protection Agency*, No. CIV. A. 97–6529, 1998 WL 46967 (E.D.Pa. Feb. 3, 1998).

3. In the Motion to Reopen the voluntarily dismissed complaint, filed October 7, 1998, plaintiff's counsel asserted reliance on the "entire controversy doctrine," a principle of New Jersey law. The entire controversy doctrine seeks to assure that all aspects of a legal dispute occur in a single lawsuit. The goals of the doctrine are to promote judicial efficiency, assure fairness to all parties with a material interest in an action, and encourage the conclusive determination of a legal controversy. *Olds v. Donnelly*, 150 N.J. 424, 696 A.2d 633, 637 (1997)

Court has no jurisdiction to hear the instant motion. The Court disagrees.

Federal defendants confuse the application of the Federal Rules of Civil Procedure with a claimed extension of the statute of limitations under the FTCA. The FTCA expressly makes the Federal Rules of Civil Procedure applicable. *United States v. Yellow Cab Co.*, 340 U.S. 543, 553 and n. 9, 71 S.Ct. 399, 95 L.Ed. 523 (1951). Thus, the Court retains jurisdiction over plaintiff's FTCA claim to the extent that Rule 60 is applicable to a voluntarily dismissed complaint.

**3. Rule 60 and Voluntary Dismissal:** Under Rule 41, plaintiff may voluntarily dismiss a suit, without order of the court, by filing a notice of dismissal before a defendant files an answer. As the Fifth Circuit stated in *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963):

> [The filing of the notice of dismissal] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.

Thus, voluntary dismissal is self-executing and automatic. According to the federal defendants, the dismissal is also irreversible. Those defendants claim that the Court may not vacate such a dismissal, even under Federal Rule of Civil Procedure 60(b), which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.... The motion shall be made within a reasonable time, and for reason[ ] (1) ... not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). Thus, the issue squarely before the Court is whether a voluntarily dismissed suit is a "final judgment, order, or proceeding" appropriate for relief under Rule 60(b). The Court concludes that it is.

In *Williams v. Frey*, 551 F.2d 932 (3d Cir.1977), *abrogated on other grounds Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the parties had entered into a judicially approved "Stipulation" which settled the suit and provided that the action was dismissed pursuant to Rule 41(a)(1). When faced with a petition to modify the Stipulation, the trial court was "concerned that there was nothing left of the original lawsuit to modify, since the suit had been dismissed." *Id.* at 933. On appeal, the Third Circuit concluded that the trial court had the power to consider the petition to modify the dismissal agreement. *Id.* at 933–34. The court reasoned that the dismissal was a "proceeding," and thus the petition fell within a Rule 60(b) motion for relief from a "judgment, order, or proceeding." *See also In re Hunter*, 66 F.3d 1002, 1004–05 (9th Cir.1995) (holding that a voluntary dismissal is a final judgment, order, or proceeding and thus eligible for Rule 60(b) relief); *Noland v. Flohr Metal Fabricators, Inc.*, 104 F.R.D. 83 (D.Alaska 1984) (same). The Court agrees with this reasoning and concludes that a voluntary dismissal under Rule 41 is a final judgment, order or proceeding within the ambit of Rule 60.[4]

**4. Plaintiff's Motion was filed within a Reasonable Period of Time:** A Rule 60(b)(1) motion such as the one at issue must be filed within a reasonable time and in any event not more than one year after the judgment was entered. *Pierce Associates, Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir.1989). "[W]hat is a reasonable time must depend to a large extent upon the particular circumstances alleged." *Delzona Corporation v. Sacks*, 265 F.2d 157, 159 (3d Cir.1959).

As noted above, plaintiff voluntarily dismissed her complaint on February 9, 1998, and then proceeded to pursue her claims in

---

4. Defendants submit that they did not stipulate to the dismissal, and that the lack of such stipulation somehow changes the analysis. This is a distinction without a difference. As noted earlier, a voluntary dismissal is effected when plaintiff files notice with the Court; a stipulation is not necessary.

state court. The New Jersey Superior Court dismissed the FTCA claim on May 1, 1998, and a little over five months later plaintiff sought to reopen her voluntarily dismissed action in this Court. The Court denied the motion to reopen on December 30, 1998, and on January 13, 1999, less than two weeks later and less than a year after plaintiff voluntarily dismissed her complaint in federal court, the instant motion was filed. Thus, in light of plaintiff's dogged and timely pursuit of her claims, the Court concludes that the motion was filed within a reasonable time and within the one-year limitation provided by Rule 60(b).

**5. Relief for Mistake or Excusable Neglect under Rule 60(b)(1):** Plaintiff's counsel states that the voluntary dismissal was mistaken. While counsel failed to recognize that the federal district courts have exclusive jurisdiction over claims arising under the FTCA,[5] he argues that this mistake resulted from a desire to consolidate all claims and parties in one proceeding, thus serving the purpose of judicial economy. The Court must determine whether this mistake is "excusable" under Rule 60(b)(1).

■ A motion for relief under Rule 60(b) is directed to the sound discretion of the Court. *Pierce Associates, Inc.*, 865 F.2d at 548. Although such motions are to be granted only in exceptional circumstances, *Boughner v. Secretary of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir.1978), the law favors determination of controversies on the merits. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir.1982) (setting aside default judgment). Thus, where the Court has not addressed the merits of the movant's claim, a more sympathetic hearing is warranted. *Id.* (concluding that any doubt should be resolved in favor of granting relief so that cases will be heard on the merits).

Although a search of the cases reveals no bright line rule regarding when an error is "excusable," the Supreme Court has provided some guidance. In *Pioneer Investment Services, Inc. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court ad-

dressed the meaning of "excusable neglect" as used in Federal Rule of Bankruptcy Procedure 9006(b)(1), and analyzed the term as it is used in other rules, including Rule 60(b). Thus, the *Pioneer* analysis is applicable to a motion under Rule 60(b). *See Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 249–50 (2d Cir.1997) (applying *Pioneer* analysis in Rule 60(b) determination); *Joseph v. The Gap, Inc.*, No. CIV.A. 98–1777, 1999 WL 106899 (E.D.Pa. March 1, 1999) (same).

■ The *Pioneer* Court held that the determination of what constitutes excusable neglect is "at bottom an equitable one," and thus the Court must "tak[e] account of all relevant circumstances surrounding the party's [act or] omission." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489. In the context of a motion under Rule 60(b)(1), these circumstances include (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in reasonable control of the movant, and (4) whether the movant acted in good faith.

■ Looking to the first factor, prejudice to the defendant, the Court notes that the government has not suggested that its ability to defend against the claim will be hindered should the Court vacate the voluntary dismissal. Nor has it asserted loss of available evidence or substantial reliance upon the dismissal to support a finding of prejudice. *See General Tire & Rubber Co. v. Olympic Gardens, Inc.*, 85 F.R.D. 66, 70 (E.D.Pa.1979) (discussing prejudice in context of motion for relief from default judgment). Thus, the Court concludes that the first factor weighs in favor of the plaintiff.

With regard to the second and third factors, the Court has already noted that the delay has been less than a year. During this delay, plaintiff assiduously pursued her claim in the New Jersey Superior Court. After dismissal of the FTCA claim in the New Jersey court for lack of jurisdiction in May 1998, plaintiff returned to this Court five months later. Under the circumstances, the Court concludes that the delay has not been

---

5. *See* 28 U.S.C. §§ 1346, 2675(b) (1997).

unreasonably long, nor has it been due to plaintiff counsel's failure to diligently pursue the FTCA claim. To the contrary, a substantial portion of the delay has been due to plaintiff's attempts to pursue the claim in the New Jersey Superior Court.

With respect to the fourth factor, the Court concludes that plaintiff's counsel has acted in good faith. Plaintiff counsel's dogged pursuit of the FTCA claim in several different fora bears this out.

Plaintiff exhausted her administrative remedies, and then filed suit in this Court, which dismissed the state defendants on grounds of Eleventh Amendment immunity. Plaintiff's counsel then voluntarily dismissed the federal complaint and pursued the claim in New Jersey Superior Court, which in turn dismissed the federal defendants for lack of subject matter jurisdiction. There is no evidence that plaintiff's counsel, apparently a sole practitioner, pursued this course of action for any improper purpose. Thus, the Court concludes that the fourth factor also weighs in favor of the plaintiff.

**6. Conclusion:** The Court concludes based on the foregoing analysis that plaintiff's voluntary dismissal was the product of "excusable neglect" within the meaning of Rule 60(b)(1). Plaintiff's counsel has pursued the FTCA claim persistently, if not artfully. Perhaps plaintiff's counsel should have been more attentive to the interplay between the Eleventh Amendment and the FTCA, but considering the procedural history of this case, the mistake falls within the parameters of "excusable neglect."

Accordingly, plaintiff's Motion for Relief from Voluntary Dismissal under Federal Rule of Civil Procedure 60(b) will be granted.