**NuMED REHABILITATION, INC., Plaintiff,**

v.

**TNS NURSING HOMES OF PENNSYLVANIA, INC. d/b/a Boulevard Nursing Homes, Defendant.**

CIV.A. No. 99–335.

United States District Court, E.D. Pennsylvania.

June 25, 1999.

Stanley B. Cheiken, Philadelphia, PA, for plaintiff.

Abbe F. Fletman, Philadelphia, PA, for defendant.

### *MEMORANDUM*

LOWELL A. REED, Jr., Senior District Judge.

Presently before the Court is the motion of defendant TNS Nursing Homes of Pennsylvania, Inc. ("TNS") d/b/a Boulevard Nursing Homes ("Boulevard") for relief from judgment (Document No. 9) pursuant to Federal Rule of Civil Procedure 60(b)(1), the response of plaintiff NuMed Rehabilitation, Inc. ("NuMed") and the reply of TNS thereto. Also before the Court is the motion of TNS for a stay of execution pending resolu-

tion of its motion for relief from judgment (Document No. 10). Based upon the following analysis, the motion of TNS to vacate the default judgment will be denied, and the motion of TNS for a stay of execution pending resolution of its motion to vacate the default judgment will be dismissed as moot.

### I. Background

NuMed is a provider of speech, physical and occupational therapy services. TNS is an operator of skilled nursing homes, including Boulevard Nursing Homes. On or about October 29, 1997, NuMed and TNS entered into a rehabilitation therapy services agreement ("the agreement") which called for the provision of rehabilitative services by NuMed to Boulevard patients. The agreement provided, in part, for compensation to be paid by TNS to NuMed for services rendered through December 31, 1998. (Complaint ¶ 5). NuMed asserts, and TNS does not contest, that TNS failed to make any remittance to NuMed as required by the agreement from May, 1998 to December, 1998. (Memorandum of Law in Opposition to Motion of Defendant ("Plt. Mem.") at 2–3).

On January 21, 1999, NuMed filed the complaint in this action, seeking $97,172.89, the balance allegedly outstanding for services rendered, and service charges totaling $5,225.90, as well as costs of collection and attorney's fees. The complaint was served by hand on January 28, 1999. TNS did not file a responsive pleading and NuMed filed a Request for Entry of Default on March 4, 1999. An Order granting NuMed's request was entered against TNS by this Court on March 19, 1999. Roy B. Smolarz, in-house counsel for TNS, declares that the complaint was served upon an administrator at Boulevard Nursing Homes and did not reach him at TNS corporate headquarters until March 8, 1999. (Declaration of Roy B. Smolarz ¶ 3). This motion was filed on May 13, 1999 after an effort by counsel to amicably resolve the conflict.

### II. Legal Standard for Vacating a Default Judgment

As a matter of principle, default judgments are regarded disfavorably, as they

necessarily preclude the resolution of cases on their merits, which is preferred. *See Lorenzo v. Griffith,* 12 F.3d 23, 27 n. 4 (3d Cir.1993). Any doubt should be resolved in favor of setting default judgments aside. *See Howard Fischer Assocs., Inc. v. CDA Inv. Techs.,* No. CIV.A. 94–4855, 1995 WL 472115, at *2 (E.D.Pa. Aug. 10, 1995).

■ Ultimately, "a motion for relief under Rule 60(b) is directed to the sound discretion of the Court." *Scott v. United States Envtl. Protection Agency,* 185 F.R.D. 202, 206 (E.D.Pa.1999). The Court of Appeals for the Third Circuit has, however, set out four factors to be considered in determining whether a default judgment should be set aside pursuant to Fed.R.Civ.P. 60(b): 1) whether the plaintiff will be prejudiced if the default is vacated; 2) whether the defendant has a meritorious defense; 3) whether the default was the result of the defendant's culpable misconduct; and 4) whether alternative sanctions would be effective. *See, e.g., Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 73 (3d Cir.1987); *Kauffman v. Cal Spas,* 37 F.Supp.2d 402, 404 (E.D.Pa.1999). While all of these factors are relevant, the threshold consideration is whether the defendant has alleged facts which would constitute a meritorious defense. *See Resolution Trust Corp. v. Forest Grove, Inc.,* 33 F.3d 284, 288 (3d Cir.1994). I will therefore consider this factor first.

### III. Analysis

■ A meritorious defense, in the context of a motion to vacate a default judgment, is demonstrated when the " 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.' " *Kauffman,* 37 F.Supp.2d at 404–05 (quoting *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir.1984)). "[T]he defendant must assert specific facts supporting the existence of a prima facie meritorious defense" as opposed to generally denying the allegations announced in the complaint. *Id.* at 405 (citing *$55,518.05 in U.S. Currency,* 728 F.2d at 195). Thus, the Court "need not decide the legal issue at this time; it is sufficient that [TNS's] proffered defense is not 'facially unmeritorious.' " *Em-*

*casco,* 834 F.2d at 73–74 (quoting *Gross v. Stereo Component Sys.,* 700 F.2d 120, 123 (3d Cir.1983)).

TNS does not contest that a contract existed between the parties, that services were rendered by NuMed to Boulevard patients, that NuMed billed TNS for those services, or that TNS failed to make any remittance at all to NuMed since the contract was entered into in 1997. Instead, the defendant asserts that it is entitled to an accounting of the claims and a corresponding reduction, if warranted. Specifically, TNS relies on the Declaration of Roy B. Smolarz, who states:

> After reviewing the [final documentation of the claims of NuMed] provided by [counsel for NuMed], *we believe that there may be* discrepancies between the amount of patient care time expended by NuMed and the amount of time billed by NuMed, thereby inflating the amount of the judgment. We have come to this conclusion after finding similar discrepancies in the billing records presented in a similar case filed in the U.S. District [Court] for the District of New Jersey.

(Declaration of Roy B. Smolarz ¶ 7) (emphasis added). NuMed, in opposition, asserts that TNS has failed to make the requisite factual allegations in support of its claim of suspected billing inaccuracies. (Plt. Mem. at 3).

■ Preliminarily, the need for an accounting can constitute a meritorious defense for the purpose of vacating a default judgment. *See Key Bank of Maine v. Tablecloth Textile Co. Corp.,* 74 F.3d 349, 353 (1st Cir. 1996) (evidence that default judgment was premised upon erroneous figures constituted meritorious defense, at least with respect to damages); *Display Equation v. D.C. Industries, Inc.,* 134 F.R.D. 124, 125 (W.D.Pa.1990) (need for accounting coupled with affirmative defense raising issues of authority is basis of meritorious defense).

■ TNS, however, has failed to allege any facts which, if established, would constitute a meritorious defense to this action. TNS asserts no connection between the discrepancies purportedly found in the New Jersey matter and those suspected here. It

presents no pattern of overbilling. Indeed, TNS has not presented any evidence whatsoever of even a single instance of overbilling of Boulevard on the part of NuMed. In his statement, articulated in the most general terms possible, counsel for TNS relies on neither the information provided by NuMed nor on any account of services actually rendered which differs from those for which NuMed billed TNS. Instead, he relies on vague and conclusory allegations concerning NuMed's billing patterns at another facility, the relationship of which to this matter is totally undisclosed.

In this sense, the holdings in *Key Bank* and *Display Equation* are distinguishable from this case. In *Key Bank*, the Court of Appeals was clear in its assertion that "[a]ppellants presented strong evidence that the figures upon which the default judgment [was] premised [were] erroneous." 74 F.3d at 353. In this case, by contrast, the evidence presented by TNS could in no sense be described as "strong." Indeed, the purported defense is ineffectual by its own language: "we believe that there may be . . . ." (Declaration of Roy B. Smolarz ¶ 7).

Similarly, the fact that the district court in *Display Equation* held that the need for an accounting (coupled with issues of authority) constituted a meritorious defense does not aid TNS in its contention that it has carried its *factual* burden in establishing that need. The factual deficiencies which inhere in the pleadings, motion and accompanying memoranda of TNS are fatal to its effort to vacate the default judgment entered against it. *See, e.g. Kauffman,* 37 F.Supp.2d at 405 ("[Defendant] . . . does not allege any specific facts that, if proved at trial, would show that [plaintiff's condition] is not an actionable disability. This defense, therefore, is not meritorious."); *Grow Tunneling Corp. v. Conduit & Foundation Co., Inc.,* No. CIV.A. 96–3127, 1996 WL 411658, at *4 (E.D.Pa. July 16, 1996) ("[T]he defendant . . . fails to allege facts which would allow the court to determine whether any of the supposed defenses are actually meritorious . . . [T]he Defendant's motion merely proffers simple denials and unsubstantiated statements which fall far short of the specific facts needed to make out prima facie meritorious defenses").

Thus, I find that TNS has failed to assert facts indicative of a prima facie meritorious defense with the requisite specificity. Because the existence of a meritorious defense is a threshold consideration, the absence of such is necessarily fatal to the Rule 60(b) motion of the defendant. *See Pabst Brewing Co. v. St. Michael's Non–Alcoholic Malt Beverage Corp.,* No. CIV.A. 87–4306, 1988 WL 84860, at *1 (E.D.Pa. Aug. 12, 1988) ("Absent the assertion of a prima facie meritorious defense to the action, defendant's motion to set aside the default 'must be denied.' ") (quoting *Pennsylvania Nat'l Bank & Trust Co. v. Am. Home Assurance Co.,* 87 F.R.D. 152, 155 (E.D.Pa.1980)). Therefore, the remaining factors—prejudice to NuMed, the culpability of the conduct of TNS and the availability of alternative sanctions—need not be considered here.

## III. Conclusion

Based on the forgoing, the motion of TNS to vacate the default judgment will be denied in its entirety. The motion of TNS for a stay of execution pending resolution of the motion to vacate default will be dismissed as moot.